## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BACCUS GLOBAL, LLC )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>U.S. CUSTOMS AND BORDER PROTECTION; )<br>RODNEY S. SCOTT, in his official capacity as )<br>Commissioner of U.S. Customs and Border )<br>Protection; and THE UNITED STATES OF )<br>AMERICA, )<br>)<br>  Defendants. )<br>) | Case No. 26-01428 |

### COMPLAINT

Plaintiff, Baccus Global, LLC by and through its counsel, hereby alleges and states as follows:

### NATURE OF THE ACTION

1. Plaintiff Baccus Global, LLC ("Plaintiff") is a U.S. importer whose merchandise has been subjected to the duties challenged in this action, and therefore has standing to initiate this action, which is filed pursuant to 19 U.S.C. § 1581(i) because it is a United States Customs and Border Protection ("CBP") tariff issue that does not fall directly under any other enumerated subheading.

2. In February of 2025, President Trump began issuing executive orders invoking the International Emergency Economic Powers Act ("IEEPA") as authority to enact tariffs (collectively, the "IEEPA tariffs"). This statutory authority was invoked for a variety of tariffs,

eventually culminating in the application of IEEPA tariffs on imports originating from essentially all foreign countries, including those from which Plaintiff sources its products.

3. Plaintiff, as an importer of record, is responsible for paying these duties upon entry of its goods.

4. On February 20, 2026, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025)).

5. The Supreme Court further held that any challenges to the IEEPA tariffs fall within this Court's exclusive jurisdiction. *Id.* at 5.

6. On December 15, 2025, this Court in *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.* ("*AGS v. CBP*"), entered a denial of a motion for preliminary injunction filed by consolidated plaintiffs that alleged to have paid IEEPA tariffs. Consol. Ct. No. 25-00255, Slip Op. 25-154 (Ct. Int'l Trade Dec. 15, 2025). In all material respects, *AGS v. CBP* raises the same issues as those faced by Plaintiff in this action.

7. In the *AGS v. CBP* ruling, this Court determined that the defendants are estopped "in this case and … related cases" from objecting to court-ordered reliquidations of customs entries subject to the IEEPA tariffs. *Id.* at 3–5.

8. On March 2, 2026, the Court of Appeals for the Federal Circuit issued a mandate to lift the stay on all proceedings relating to the *V.O.S. Selections* matter, thus leading the way for the remand in that case to be returned to this Court.

9. Accordingly, Plaintiff files this 28 U.S.C. § 1581(i) action to seek a full refund of

all IEEPA tariffs already paid by Plaintiff as a result of the unlawful executive orders, including through potential action by this Court to order reliquidation in the event that any entries that were subject to IEEPA tariffs liquidate.

10. Plaintiff additionally seeks a declaration that the estoppel determination in the *AGS v. CBP* ruling applies in this matter, and that Defendants are therefore estopped from objecting to court-ordered reliquidations of customs entries subject to the IEEPA tariffs.

## THE PARTIES

11. Plaintiff Baccus Global, LLC is a U.S. importer with its principal place of business located in Boca Raton, Florida.

12. Plaintiff imports merchandise from countries subject to the IEEPA tariffs challenged herein.

13. Defendant CBP is a component of the U.S. Department of Homeland Security headquartered in Washington, D.C., and is responsible for border security and for administering and collecting duties on imported merchandise.

14. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

15. Defendant United States of America received the duties at issue and is the statutory defendant pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

16. Defendants are collectively referred to as "CBP" in this Complaint.

## JURISDICTION

17. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i). *See Learning Resources*, slip op. at 5 n.1.

18. The Court possesses the same powers at law and in equity as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court may enter monetary judgments against the United States and grant other appropriate relief, including declaratory judgments, injunctions, remands, and writs of mandamus or prohibition. *See* 28 U.S.C. §§ 2643(a)(1), (c)(1).

19. Plaintiff has standing because it is the importer of record for entries subject to duties imposed that have been held by the Supreme Court to be unlawful. Plaintiff has paid IEEPA tariffs and thus suffered injury. Remedial relief, as well as monetary relief, would redress those injuries.

## **GENERAL PLEADINGS**

I. **President Trump Imposes Tariffs Under Claimed IEEPA Authority.**

   A. **President Trump Imposes Fentanyl-Based Tariffs Under Claimed IEEPA Authority**

20. On February 1, 2025, President Trump issued three executive orders imposing tariffs on imports from Canada, Mexico, and China. Each order was based upon the asserted role of each country regarding the importation of fentanyl/opioids and related substances into the United States, with the assertion of national emergency findings in each case. To address these asserted national emergency findings, the executive orders relied on IEEPA as a governing authority to justify the imposition of the duties. Collectively, these are referred to as the "Fentanyl-Based Tariff Orders."

21. The Mexico-related order, Executive Order 14194, 90 Fed. Reg. 9117, imposed a 25% tariff and was premised on purported emergency conditions at the southern border related to the trafficking of fentanyl/opioids.

22. The Canada-related order, Executive Order 14193, 90 Fed. Reg. 9113, likewise invoked emergency powers relating to fentanyl/opioid trafficking and imposed a 25% tariff.

23. The China-related order, Executive Order 14195, 90 Fed. Reg. 9121, imposed a 10% tariff based on asserted emergency conditions relating to synthetic opioids.

24. On February 5, 2025, the President issued Executive Order 14200 modifying the China tariffs.

25. On March 3, 2025, the President issued Executive Order 14228, 90 Fed. Reg. 11,463, further amending the China tariffs and raising the incremental rate to 20%.

26. Although the Fentanyl-Based Tariff Orders were challenged before this Court and the Federal Circuit, with both Courts holding that IEEPA did not authorize the tariffs at issue, CBP continued to collect these tariffs until February 24, 2026.

B. **President Trump Imposes Global and Reciprocal Tariffs**

27. On April 2, 2025, the President issued Executive Order 14257, 90 Fed. Reg. 15,041 ("Reciprocal Tariff Order"), asserting a national emergency based on long-standing trade imbalances between the United States and other countries and imposing a 10% baseline tariff on nearly all imports beginning April 5, 2025, with additional country-specific "reciprocal" tariffs beginning April 9, 2025. Collectively, these are referred to as the "Reciprocal Tariffs."

28. On April 8, 2025, the President issued Executive Order 14259, 90 Fed. Reg. 15,509, increasing the reciprocal tariff on China to 84%.

29. On April 9, 2025, the President issued Executive Order 14266, 90 Fed. Reg. 15,625, suspending certain reciprocal tariffs for 90 days but increasing the tariff on China to 125%, while leaving the 20% fentanyl-based tariff in place.

30. CBP implemented these tariff orders by directing changes to the HTSUS and requiring entries to be made under new tariff provisions.

31. On April 14, 2025, importers challenged these orders in *V.O.S. Selections*, 149 F.4th 1312. This Court held the orders unlawful; the Federal Circuit affirmed.

32. Although the Reciprocal Tariff Order and related modifications were challenged before this Court and the Federal Circuit, with both Courts holding that IEEPA did not authorize the tariffs at issue, CBP continued to collect these tariffs until February 24, 2026.

**C.     Other IEEPA-Based Tariffs**

33. Despite the IEEPA tariff holdings of this Court and the Federal Circuit, the President continued issuing additional executive orders invoking IEEPA to modify or impose tariffs.

34. Plaintiff seeks remedial and declarative relief for only those orders the Federal Circuit has already held to be unlawful (collectively, the "Challenged Tariff Orders").

**II.     CBP Implements the Tariffs.**

35. CBP is charged with the assessment and collection of duties. *See* 19 U.S.C. §§ 1500, 1502.

36. The Harmonized Tariff Schedule of the United States ("HTSUS"), adopted in 1988, sets forth tariff classifications and duty rates. *See* 19 U.S.C. § 1202.

37. CBP classifies merchandise under the HTSUS and appraises imported goods according to statute and regulation. *See* 19 C.F.R. § 152.11.

38. The U.S. International Trade Commission publishes and maintains the HTSUS pursuant to presidential orders. *See* 19 U.S.C. §§ 1202, 3005 and 3006.

39. When goods enter the United States, CBP assesses duties based on HTSUS

classification and the rates in effect, including the IEEPA-based duties, which were assigned additional HTSUS subheadings to allow CBP to collect these duties.

### III.     CBP Liquidation of Plaintiff's Customs Entries Is Not Protestable.

40. Liquidation is "the final computation or ascertainment of duties." 19 C.F.R. § 159.1.

41. Importers pay estimated duties at entry; CBP later finalizes classification, appraisement, and the duty amount. *See* 19 U.S.C. § 1500.

42. Once CBP finalizes duty liability, it liquidates the entry and issues notice. *See* 19 U.S.C. § 1504(b).

43. CBP generally liquidates entries within one year and typically targets liquidation approximately 314 days after entry.

44. CBP may extend liquidation deadlines for good cause or lack of necessary information. *See* 19 U.S.C. § 1504(b).

45. Once liquidation occurs, and if protestable, importers have 180 days to file a protest. *See* 19 U.S.C. § 1514.

46. Not all liquidations are protestable. This Court has determined that liquidations are not protestable when the protests would hinge on the constitutionality of the duties assessed on the entries. *AGS v. CBP*, Consol. Ct. No. 25-00255, Slip Op. 25-154, at 6–7.

47. This Court has further determined that 28 U.S.C. § 1581(i) actions as the primary recourse for parties seeking refunds for duties ruled to be illegal and unconstitutional. *Id.*

48. In *AGS v. CBP*, the Court also separately determined that the defendants—parties that are identical to Defendants in this case—are estopped both "in [*AGS v. CBP*] and in related

cases" from objecting to court-ordered reliquidations of customs entries subject to the IEEPA tariffs. *Id.* at 3–5.

49. The factual circumstances presented in the consolidated plaintiffs' pleadings in *AGS v. CBP* are substantively the same as those presented here.

**IV.    The Supreme Court has held that IEEPA Does Not Authorize Tariffs.**

50. The Challenged Tariff Orders solely cite IEEPA, 50 U.S.C. § 1701 et seq., the National Emergencies Act, 50 U.S.C. § 1601 *et seq.*, section 604 of the Trade Act of 1974, 19 U.S.C. § 2483, and 3 U.S.C. § 301, as authority for imposing tariffs.

51. On May 28, 2025, this Court granted summary judgment to the plaintiffs in *V.O.S. Selections*, finding that the IEEPA tariffs went beyond the scope of the President's authority as authorized by the statute and permanently enjoining CPB from enforcing IEEPA tariffs in that case.

52. On appeal, the Federal Circuit affirmed this Court's decision, holding that the IEEPA tariffs were unlawful. *See V.O.S. Selections, Inc v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025).

53. The U.S. Supreme Court granted certiorari in *V.O.S. Selections*, as well as in a separate lawsuit filed in the U.S. District Court for the District of Columbia, *Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025).

54. On February 20, 2026, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Resources*, slip op. at 20. The Supreme Court ultimately affirmed the Federal Circuit's decision in *V.O.S. Selections* and remanded to this Court

for further proceedings.

## STATEMENT OF CLAIMS

### COUNT I: Defendants Have Collected and Continue to Collect Duties Ruled to Be Unlawful.

55.  Plaintiff incorporates paragraphs 1-54.

56.  The Supreme Court held in *Learning Resources* that the President exceeded his authority under 50 U.S.C. § 1701 by imposing the IEEPA tariffs, affirming this Court's opinion in *V.O.S. Selections, Inc. v. Trump*, 772 F. Supp. 3d 1350, 1383 (Ct. Int'l Trade 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. 2025).

57.  CBP itself has confirmed that "[i]f tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any postjudgment interest that accrues." Gov't Mot. Stay Pending Appeal at 25, *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

58.  The executive orders challenged here are materially the same as those invalidated in *V.O.S. Selections*.

59.  Defendants have collected and continue to collect duties pursuant to the IEEPA tariffs.

60.  Pursuant to the *Learning Resources* decision, Plaintiff seeks a full refund of all IEEPA tariffs paid, with interest as provided by law.

61.  To the extent Plaintiff's customs entries subject to the IEEPA tariffs have been liquidated, Plaintiff seeks a declaration that this Court's estoppel ruling in *AGS v. CBP*, Consol. Ct. No. 25-00255, Slip Op. 25-154, at 3–5, applies and estops Defendants from objecting to court-ordered reliquidations of customs entries subject to the IEEPA tariffs.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

1. Order Defendants to refund all IEEPA tariffs, with interest as provided by law;

2. Declare that the Court's estoppel ruling in *AGS v. CBP* applies in this case and estops Defendants from objecting to court-ordered reliquidations of customs entries subject to the IEEPA tariffs;

3. Order CBP to reliquidate any entries that have been liquidated with IEEPA tariffs;

4. Award Plaintiff its costs and reasonable attorneys' fees; and

5. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Gregory Husisian

Gregory Husisian
Lindsey Zirkle
FOLEY & LARDNER LLP
3000 K Street, NW
Suite 600
Washington, D.C. 20007-5101
(202) 945-6149 (GH)
(202) 295-4182 (LZ)
ghusisian@foley.com
lzirkle@foley.com

John Turlais
Parker White
FOLEY & LARDNER LLP
777 E. Wisconsin Ave.
Suite 3800
Milwaukee, WI 53202
(414) 297-5584 (JT)
(414) 297-5388 (PW)
jturlais@foley.com

pwhite@foley.com

Hillary Leffue
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071
(213) 972-4637
hleffue@foley.com

*Counsel to Baccus Global, LLC*

Dated: March 4, 2026